IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

LARNETTE M. WESTBROOK,

Petitioner,

v.  Civil Action No. 1:09cv47
(Judge Keeley)

UNITED STATES OF AMERICA,

Respondent.

## OPINION/REPORT AND RECOMMENDATION RECOMMENDING SUMMARY DISMISSAL OF THE PETITION

On April 7, 2009, the *pro se* petitioner initiated this case by filing a motion for Writ of Habeas Corpus. Because the petitioner is a federal inmate incarcerated at the Gilmer Federal Correctional Institution, the petitioner's request for a writ of habeas corpus presumably arises pursuant to 28 U.S.C. § 2241. The petitioner has not yet paid the required filing fee or filed a motion to proceed as a pauper. This case is before the undersigned for an initial review and report and recommendation pursuant to LR PL P 83.09, et seq.

### I. The Petition

In the petition, the petitioner asserts that he has been denied or delayed appropriate medical care. In addition, the petitioner asserts that the Federal Prison Industries ("UNICOR") is in violation of Labor Wage Regulations and Policy. Accordingly, the petitioner seeks nominal damages for the "maltreatments of the medical Authority providers," $5,000.00 for breach of contract, an Order directing UNICOR to pay all inmates minimum wage or a wage comparable to jobs of a similar nature in this locality, full compensation for past labor for UNICOR and protection under the

Whistler Blower Protection Act of 1989.

## II. Analysis

A § 2241 petition is used to attack the manner in which a sentence is executed. See 28 U.S.C. § 2241. More specifically, a § 2241 petition is appropriate where a prisoner challenges the fact or length of his confinement, but generally not the conditions of that confinement. See Preiser v. Rodriguez, 411 U.S. 475, 499-500 (1973).

Here, the petitioner does not attack the execution of his sentence. Instead, the plaintiff alleges that he has not received appropriate medical care and seeks an order directing the Bureau of Prisons to provide such care. In addition, the petitioner makes a claim of breach of contract and other labor related issues pursuant to his prison employment with UNICOR. The petitioner's claims are not in any way related to the execution of his sentence, but solely to the conditions of his confinement. Thus, it is clear that the petitioner's claims should have been raised pursuant to a civil rights complaint. Id. (a civil rights action is a proper remedy for a prisoner challenging the conditions of his prison life). Because a petition for writ of habeas corpus under § 2241 is not the proper avenue in which to seek the requested relief, the petition should be denied and dismissed from the Court's active docket.

## III. Recommendation

For the foregoing reasons, it is recommended that the petitioner's Motion for Writ of Habeas Corpus, construed as arising under 28 U.S.C. § 2241 (dckt. 1), be **DENIED** and **DISMISSED without prejudice** to the petitioner's right to re-file his claims in a civil rights action.

Within ten (10) days after being served with a copy of this recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to

which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: April 10, 2009.

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE