IN THE UNITED STATES DISTRICT COURT
                  FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**LARNETTE WESTBROOK,**

   **Petitioner,**

**v.**            **CIVIL ACTION NO. 1:09CV47**
                **(Judge Keeley)**

**UNITED STATES OF AMERICA,**

   **Respondent.**

## ORDER ADOPTING REPORT AND RECOMMENDATION
## AND DISMISSING CASE WITHOUT PREJUDICE

On April 7, 2009, the pro se petitioner, Larnette Westbrook ("Westbrook"), an inmate at the Federal Correctional Institution in Gilmer, West Virginia,("FCI Gilmer"), filed a motion for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, asserting that he has been denied appropriate medical care and that the Federal Prison Industries ("UNICOR") is operating in violation of the Fair Labor Standards Act ("FLSA").

The Court referred this matter to United States Magistrate Judge John S. Kaull for initial screening and a report and recommendation in accordance with Local Rule of Prisoner Litigation 83.09. On April 10, 2009, Magistrate Judge Kaull issued a Report and Recommendation ("R&R")(dkt. no. 3), which recommended that Westbrook's § 2241 petition be denied and the case be dismissed without prejudice. On April 20, 2009, Westbrook timely filed objections to the R&R (dkt. no. 5). Subsequently, on April 27,

**ORDER ADOPTING REPORT AND RECOMMENDATION
AND DISMISSING THE CASE WITHOUT PREJUDICE**

2009, he supplemented his response with a "Motion" (dkt. no. 6) that attempted to recast this action as a civil rights claim and, on June 15, 2009, he filed a motion for summary judgment (dkt. no. 8).

After conducting a de novo review, the Court finds that Westbrook's objections are without merit, **DENIES** his motions as moot, and **ADOPTS** Magistrate Judge Kaull's R&R in its entirety. It, therefore, **DISMISSES** Westbrook's petition **WITHOUT PREJUDICE**.

**I. Westbrook's Petition**

In his § 2241 petition (dkt. no. 1), Westbrook alleges (1) denial of appropriate medical care, and (2) a violation of both the FLSA and the Walsh-Healy Act ("WHA"). Westbrook asserts that he has lived with the human immunodeficiency virus (HIV) since 1985,[1] and suffers from colon warts, a medical condition that can be fatal because of his HIV. Due to the inherent health risks resulting from his condition, Westbrook was approved to have a colon examination thirty-six (36) months before he filed his petition;

---

[1] To quote Westbrook, "He (Westbrook) had five surgery [sic] operational [sic] in the past to have warts removied [sic] off the inside and outside of the colon...which is fatel [sic] in[sic] can cause deaf [sic] due to the fact the petitioner has a human immunodeficincy [sic] virus disease that is in advanced stage [sic] since 1985."

however, he has yet to receive that examination. He requests "relief to this maltreatment of the medical authority," in the form of nominal damages.

Westbrook's petition also asserts that UNICOR's failure to pay him a minimum wage for his labor violates the FLSA, and he seeks $5,000.00 for breach of contract. In addition, he seeks an order from the Court directing UNICOR to pay all inmates minimum wage or a wage comparable to the industry norm in the prison's geographical market. As he pursues these claims, he seeks protection under the Whistleblower Protection Act of 1989. See 5 U.S.C. §2302.

## II. MAGISTRATE JUDGE KAULL'S R&R

In his R&R, Magistrate Judge Kaull found that Westbrook's § 2241 petition was an inappropriate procedural mechanism to pursue his underlying complaints, and also concluded that Westbrook's medical care and employment claims should be raised, if at all, in a civil right complaint pursuant to Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971).

## III. WESTBROOK'S OBJECTIONS

Although styled as a motion, Westbrook's objections to the recommendations in the R&R essentially repeat the arguments presented in his petition. He requests that the Court grant

3

"without prejudice and to inter [sic] civil rights action claim application herein with motion," and further asks the Court to grant a "writ of habeas corpus show cause order."

Westbrook, who has allegedly been approved for, but has not received, medical care, asserts that the writ of habeas corpus should be granted because substantial time has elapsed. Finally, he argues that, under the Federal Tort Claim Act, 28 U.S.C. § 2671, he is due wage compensation for the injuries he has suffered at the hands of federal employees.

On April 27, 2009, Westbrook filed a "Motion," recasting the same allegations in his § 2241 petition as a civil rights claim. Most recently, on June 15, 2009, Westbrook moved for summary judgment, reiterating the allegations plead in his petition, as well as seeking an additional $10,000 in damages for being afflicted by cigarette smoke.

## V. DE NOVO REVIEW

A § 2241 petition is appropriate if an inmate is challenging the fact or length of his confinement, or an administrative order regarding his good-behavior credits, but it may not be used to challenge the inmate's conditions of confinement. Preiser v. Rodriquez, 411 U.S. 475, 499-500 (1973); Moran v. Soudalle, 218

F.3d 647, 649 (7th Cir. 2000). In <u>Moran</u>, five Wisconsin state inmates filed petitions pursuant to § 2241, claiming they had been unconstitutionally transferred to privately-run prisons in other states. 218 F.3d at 649. The Seventh Circuit determined that because those claims challenged conditions of confinement they were not appropriately filed as § 2241 petitions, but should have been filed as § 1983 complaints. <u>Id.</u> at 651. It further held that it could not convert the incorrectly filed § 2241 petitions into §1983 complaints because, under the Prison Litigation Reform Act ("PLRA"), § 2241 petitions and § 1983 complaints have different procedural requirements and potential consequences. <u>Id.</u> at 651. Accordingly, the court dismissed the claims without prejudice. <u>Id.</u> at 652.

As the parties in <u>Moran</u> did, Westbrook has improperly filed his claim as a § 2241 petition. 218 F.3d at 649. Although he is now attempting to modify these claims from a habeas petition into a civil rights complaint by filing a "motion," he cannot do so; altering his suit in such a way impacts variant procedural requirements and has other potential consequences. <u>Id.</u> at 652.

For example, in <u>Moran</u>, the court recognized that prisoners often strategically file their claims. <u>Id.</u> at 649. Because a

5

habeas petition has a five dollar ($5) filing fee, while a § 1983 claim has a one hundred fifty dollar ($150) filing fee, which will be fully collected over time from the prisoner's trust account, some prisoners attempt to commence their cases under § 2241 purely for financial reasons. Id. Further, under 28 U.S.C. § 1915(g), prisoners making frivolous § 1983 claims are issued "strikes." Id. Upon accumulating three strikes, prisoners filing new § 1983 claims must prepay the filing fee, whereas the filing of a § 2241 petition has no such consequence. Id.

Due to the different procedural requirements and possible consequences between a § 2241 petition and a § 1983 complaint, Westbrook's petition cannot simply be reclassified by way of a motion.[2] Because his claims are inappropriate for consideration as a § 2241 petition inasmuch as they challenge neither the fact or length of his confinement, his petition must be dismissed.

### VI. CONCLUSION

For the reasons discussed, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation in its entirety (dkt. no. 3),

---

[2] Currently, the fee to file a §1983 complaint is three hundred fifty dollars ($350). See 28 U.S.C. §1914(a). Even if a prisoner attempts to bring an action *in forma pauperis*, he is still required to pay the full filing fee. 28 U.S.C. §1915(b)(1).

**DISMISSES AS MOOT** Westbrook's motions (dkt. nos. 6 and 8), **DISMISSES WITHOUT PREJUDICE** Westbrook's § 2241 petition (dkt. no. 5), and **STRIKES** the case from the Court's docket.

It is so **ORDERED.**

Pursuant to Fed.R.Civ.P. 58, the Court directs the Clerk of Court to enter a separate judgment order and to transmit copies of this Order to counsel of record and to the pro se petitioner, by certified mail, return receipt requested.

DATED: June 18, 2009

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE